Donald S. Taylor, J.
On the ground that it was arbitrary and capricious, the petitioner, a lawyer aged 83 years, seeks pursuant to article 78 of the Civil Practice Act to review and annul a determination by the respondent Commissioner of Motor Vehicles of the State of New York which revoked his license to operate a motor vehicle and an order directing its restoration.
The petitioner, while operating his motor vehicle on July 17, 1959, was involved in a collision with an unattended parked truck in which damage to property apparently in excess of $100 was sustained. Thereafter the respondent required him, pursuant to the permissive provisions of subdivision 8 of section 20 of the Vehicle and Traffic Law to submit to a re-examination to determine his qualifications to operate a motor vehicle safely. Petitioner submitted to the examination which he failed to pass and was advised that notice of the revocation of his driver’s license was about to be forwarded to him. Thereupon he wrote the Commissioner in relation to his failure. The respondent then ordered a second re-examination and directed that the order of revocation be held in abeyance until he received a report of its results. Petitioner also failed to pass the second examination and his driver’s license was thereupon revoked. He again wrote the respondent expressing surprise at the examinational result and requested the reasons for his failure. The Commissioner replied:1 ‘ Our examiner reported that poor judgment was used approaching and at intersections, also that you failed to observe when backing the vehicle. It was shown on the report a lack of caution toward other users of the highway. During the examination it became necessary for the examiner *337 to warn you to stop immediately to prevent sideswiping a parked car. At this point you stated that you had not parked in this type of maneuver for a number of years ” and advised petitioner that “ At the conclusion of the thirty-day period after surrender of your license to the Bureau, you may file a new application for consideration for approval in order that the necessary tests may be taken to obtain another license.” The road test report attached to the answer discloses a finding of dangerous action 1ST. A. (near accident) which is classified as a ground for immediate failure as well as driving demerits which exceeded by 5 points the allowable maximum of 15.
The petitioner cites his long accident-free driving record as evidence of his basic care and prudence in managing a motor vehicle. The exhibits attached to his petition indicate his adequate vision and unimpaired health. While he denies the charges of poor judgment in approaching intersections, poor steering control and other lack of driving caution attributed to him by the examiner, an analysis of petitioner’s pleadings and briefs discloses that he does not dispute the essentials of the examiner’s report which had to do with the parallel parking features of the test. He argues, however, that the respects in which the examiner faulted him were of a minor and insignificant nature likely to be committed by any competent driver. He implies that the real reason for the Commissioner’s action was his advanced age.
Whether the Commissioner acted arbitrarily or capriciously in revoking petitioner’s driving license or whether, in the exercise of the discretion vested in him by statute, he had reasonable basis for his action is the question which the proceeding presents. (Matter of Stracquadanio v. Department of Health, 285 N. Y. 93; Matter of Small v. Moss, 277 N. Y. 501, 507.)