In the Matter of HYDE PARK GARDENS et al., Respondents-Appellants, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent-Appellant. (Proceeding No. 1.) In the Matter of HYDE PARK ASSOCIATES, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant. (Proceeding No. 2.)

The principal issue determined by the DHCR was whether

the tenants of Hyde Park Gardens had sustained a reduction in a "required service" as defined by the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-514). Specifically, the issue determined by the agency was whether there had been a reduction in security caused by the landlord's implementation of a new over-all security system. "The question of what constitutes a required service presents a factual issue which is to be determined by the * * * administrative agency" (Fresh Meadows Assocs. v Conciliation & Appeals Bd., 88 Misc 2d 1003, 1004, affd 55 AD2d 559, affd 42 NY2d 925). The DHCR made its determination after a hearing held at the request of the parties, pursuant to section 26-514 of the Administrative Code of the City of New York. Upon our review of the record, we find that the determination of the DHCR was supported by substantial evidence at the hearing. We further find that the determination had a rational basis and was not arbitrary and capricious (see, Matter of Bambeck v State Div. of Hous. & Community Renewal, 129 AD2d 51, 55; Villas of Forest Hills Co. v Lumberger, 128 AD2d 701, 703; Matter of Plaza Realty Investors & Queens Blvd. Props. Co. v New York City Conciliation & Appeals Bd., 111 AD2d 395, 396). Clearly the enumerated factors considered by the agency establish that a rational basis existed for its determination which accordingly should not be disturbed (see, Matter of Bambeck v State Div. of Hous. & Community Renewal, supra; see also, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, affd on opn below 66 NY2d 1032).

Nor was the agency's determination barred by res judicata or collateral estoppel by the prior decision of the New York City Civil Court. There was not an identity of issues as the Civil Court's determination focused on habitability within the complex generally, whereas the DHCR's decision turned on the determination that there had been a diminution in a specific "required service". As previously noted this matter was precisely within the jurisdiction of the DHCR (see, Fresh Meadows Assocs. v Conciliation & Appeals Bd., supra). Moreover, the Civil Court's decision expressly provided it was "without prejudice to the rights of the parties in their present pending proceedings before other tribunals".

Finally, the Supreme Court was correct in remitting the matter of a rent reduction to the DHCR for a computation of the appropriate amount thereof. The agency's determination not to order a rent reduction constituted an exercise of discretion which that agency did not possess based upon the manda-

tory nature of the language in the Rent Stabilization Law of 1969 (Administrative Code § 26-514). When the agency determines that there has been a diminution of a "required service * * * the commissioner *shall* so reduce the rent" (Administrative Code § 26-514 [emphasis supplied]). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.