■ In the Matter of HYDE PARK ASSOCIATES et al., Appellants, v RICHARD HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. THRIFT ASSOCIATIONS SERVICE CORPORATION, Intervenor-Appellant. [594 NYS2d 57] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated March 9, 1990, which ordered a rent reduction, Hyde Park Associates and Hyde Park Owners Corp. appeal from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), dated January 15, 1991, as dismissed the petition, and intervenor Thrift Associations Service Corporation separately appeals from so much of the same judgment as dismissed its

cross claim against the respondent Division of Housing and Community Renewal.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, payable by the appellants appearing separately and filing separate briefs.

In *Matter of Hyde Park Gardens v State of New York, Div. of Hous. & Community Renewal, Off. of Rent Admin.* (140 AD2d 351), this Court affirmed the judgment of the Supreme Court which confirmed the determination of the respondent Division of Housing and Community Renewal (hereinafter the DHCR) finding a reduction in services. We also agreed with the Supreme Court that, having found a reduction in services, the DHCR was required by Administrative Code of the City of New York § 26-514 to order a rent reduction. The Court of Appeals agreed as well, and the matter was remitted to the DHCR for a determination of the amount of the rent reduction *(see, Matter of Tenants of Hyde Park Gardens v State of New York, Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 73 NY2d 998).

Accordingly, upon remittitur, the DHCR ordered a rent reduction for the complaining tenants in the amount of all rent increases from February 1, 1984, the first rent payment day after the DHCR informed the owner of the tenants' complaints, to September 1, 1989, which the DHCR determined to be the date that services were restored. In addition, the DHCR ordered a refund of major capital improvement rent increases for all tenants for the same period. An accounting firm retained by the petitioners calculated the total rent reduction for the 67-month period of reduced services to be $762,814.67.

The petitioners commenced this proceeding to review the DHCR determination, on the ground that, *inter alia,* the application of the Administrative Code § 26-514 in this case constitutes a denial of due process. Thrift Associations Service Corporation (hereinafter TASCO), as holder of a mortgage on the property, was granted leave to join the proceeding as an intervenor.

We find no merit to the petitioners' contention that the rent reduction is so excessive or wholly disproportionate to the offense as to shock the conscience *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *cf., Matter of Milevoi v Conciliation & Appeals Bd.,* 137 AD2d 533, 535-536). Nor do we find the rent reduction to be a denial of procedural due process

*(see, Matter of Colton v Riccobono,* 67 NY2d 571, 576). In addition to the financial incentive for landlords to maintain services, Administrative Code § 26-514 provides a remedy for tenants who have paid rent increases during periods of decreased services *(see,* Administrative Code § 26-514). While the petitioners were free to avail themselves of the judicial process, the tenants should not be made to suffer because the petitioners did not restore services until all appeals were exhausted.

Equally without merit is TASCO's argument that its cross claim against the DHCR should not have been dismissed. Cross claims are not permitted in special proceedings absent leave of court *(see, Matter of O'Connor v D'Apice,* 156 AD2d 610, 612). TASCO did not request, and was not granted, leave to file a cross claim, and the Supreme Court properly dismissed the cross claim on the motion of the DHCR. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.