■ In the Matter of MAYA REALTY ASSOCIATES, Appellant, v JOSEPH HOLLAND et al., Respondents. [652 NYS2d 302] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Division of Housing and Community Renewal, dated May 10, 1995, as directed the petitioner to reduce its rental charges by 6.6% to reflect the elimination of certain "electrical inclusion allowances", the petitioner appeals from a judgment of the Supreme Court, Queens County (Lane, J.), dated December 8, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The administrative proceedings underlying this appeal, though protracted in nature, may be pared to the following essentials. The petitioner is the owner of a multiple dwelling in Queens. Prior to 1984 the rents collected from the tenants of the building included charges for electricity. The building utilized a single meter, the petitioner paid the utility bill and each tenant paid the petitioner for electricity pursuant to the terms of their lease. In 1984 the petitioner applied for permission to become an "electrical exclusion" multiple dwelling, in which each apartment would have its own electric meter and each tenant would pay his or her own utility bill. The respondent Division of Housing and Community Renewal (hereinafter DHCR) granted the application and the conversion commenced. During this transitional period interim rent adjustments were made reflecting the shift of responsibility for electricity payments from the petitioner to the tenants. Additionally, during this period various factors were examined to calculate permanent rent reductions.

In 1989 the DHCR granted the final application approving the conversion, setting the amounts to be deducted from the monthly rents, pursuant to a "per bedroom" formula, reflecting the tenants' assumption of the responsibility of paying for their individual electric bills. That order, for the first time, also directed the petitioner to cease collection of unspecified "electrical inclusion allowances" factored into the rent of each apartment pursuant to certain Rent Guidelines Board Orders. After further proceedings, the DHCR calculated the amount of the electrical inclusion allowances to which the petitioner was no longer entitled, and ordered rents to be reduced by 6.6%. It is this determination by which the petitioner claims to be aggrieved.

Contrary to the petitioner's contention, we find that the DHCR's determination to order elimination of the electrical inclusion allowances had a rational basis and was not arbitrary and capricious (see, Matter of Hyde Park Gardens v State of New York, Div. of Hous. & Community Renewal, Off. of Rent Admin., 140 AD2d 351, 352, affd sub nom. Matter of Tenants of Hyde Park Gardens v State of New York Div. of Hous. & Community Renewal, Off. of Rent Admin., 73 NY2d 998). Indeed, prior to the conversion to individual metering, the petitioner received the electrical inclusion allowance which compensated it for, inter alia, operating and maintenance expenses (see, Stein v Rent Guidelines Bd., 127 AD2d 189). However, once the petitioner no longer supplied electricity to its tenants, it was no longer entitled to charge a premium " 'reflecting the adjusted value of the service previously supplied' " (Matter of Taleff Realty Corp. v Joy, 54 AD2d 423, 426, revd on other grounds 42 NY2d 941). Accordingly, the DHCR properly directed the elimination of the allowance (Matter of Windsor Park Assocs. v New York City Conciliation & Appeals Bd., NYLJ, Feb. 23, 1983, at 11, col 1, affd 95 AD2d 986).

Moreover, the record does not support the petitioner's contention that it incurred a duplicative loss. The per bedroom reductions in rents were intended to adjust the shifted electrical expenses now borne directly by tenants and no longer paid by the petitioner, whereas the termination of the electrical inclusion allowances rested upon other considerations such as the elimination of the petitioner's ability to profit from a service it no longer provided to its tenants (see, Windsor Park Assocs. v New York City Conciliation & Appeals Bd., supra).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.