OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
*280 In this nonpayment proceeding, commenced in March 1995, tenant counterclaimed for rent overcharges based in part on a jump in rent from $306.50 on the 1987 annual apartment registration to $425 on the 1988 registration. On a motion for partial summary judgment, the Housing Court barred the introduction of proof of the 1987/1988 jump pursuant to this court’s decision in Avner v Trump Mgt. (NYLJ, May 19, 1995, at 34, col 5). In Avner, this court interpreted the relevant provisions of the Rent Stabilization Law (Administrative Code of City of NY, tit 26, ch 4) then in effect as precluding the introduction of proof of overcharges occurring more than four years prior to the commencement of the action. Tenant now urges this court to reconsider Avner, noting that both trial and appellate courts in the First Department have reached a contrary conclusion (see, e.g., Hart-Zafra v Pilkes, NYLJ, Feb. 1, 1995, at 29, col 2 [Civ Ct, NY County], affd sub nom. Zafra v Pilkes, NYLJ, Apr. 12, 1996, at 23, col 3 [App Term, 1st Dept], affd App Div, 1st Dept, July 24, 1997).
While ordinarily this court would be bound by the Appellate Division, First Department’s interpretation of the Code (see, Mountain View Coach Lines v Storms, 102 AD2d 663), we are here relieved of this constraint by virtue of the Legislature’s adoption on June 19, 1997 of the Rent Regulation Reform Act of 1997 (L 1997, ch 116). This Act, the relevant provisions of which are made applicable to pending actions and proceedings (L 1997, ch 116, § 46 [1]), amended the Code to provide that "examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint” is precluded (Rent Stabilization Law of 1969 [Administrative Code] § 26-516 [a] [ii] [2] [ii], as amended). In light of the new Act, it is clear that proof of the 1987/1988 jump in rent was not admissible.
Scholnick, J. P., Chetta and Patterson, JJ., concur.