*98 OPINION OF THE COURT
Per Curiam.
Final judgment entered June 24, 1996 reversed, with $10 costs, tenant’s motion for summary judgment is denied, the nonpayment petition is reinstated, and the award for rent overcharge is vacated.
Appeal from order entered October 29, 1996 denying reargument dismissed, without costs, as nonappealable.
Tenant’s rent overcharge claim below was based entirely upon an increase in the registered rent from $235.71 in 1984 to $670 in 1985, the year tenant commenced occupancy. Civil Court granted summary judgment in tenant’s favor on the overcharge, finding that landlord “ha[d] failed to show any justification for the rent increase”. Subsequent to this decision, the Rent Regulation Reform Act of 1997 (L 1997, ch 116) was enacted. As here relevant, Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2) was amended to provide that “no determination of an overcharge and no award or calculation of an award * * * may be based upon an overcharge having occurred more than four years before the complaint is filed.” The amendment further “preclude [s] examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint”. (Administrative Code § 26-516 [a] [2].)
These provisions were expressly made applicable to “any action or proceeding pending in any court * * * on the effective date of this act”, i.e., to proceedings pending on June 19, 1997 (Rent Regulation Reform Act of 1997 [L 1997, ch 116, § 46 (1)]). Since the rent overcharge claim relates solely to a 1985 increase, which may not now be considered in calculating an overcharge award, the claim is barred (Zafra v Pilkes, 245 AD2d 218; Rovito v Melendez, 175 Misc 2d 279 [App Term, 2d Dept]).
Parness, P. J., McCooe and Freedman, JJ., concur.