OPINION OF THE COURT
John A. Milano, J.
In this CPLR article 78 proceeding, petitioners Edna and Robert Gelston seek the following relief:
(1) That the court declare CPLR 213-a and section 46 of the Laws of 1997 (ch 116) unconstitutional, and, therefore, the manner in which the Commissioner of respondent New York State Division of Housing and Community Renewal (DHCR) rendered the order of January 15, 1998 to be arbitrary and capricious, and unreasonable; (2) that the court issue an order directing the DHCR to decide the November 21, 1997 hardship application by a date certain, or, in the alternative, that the court make de novo findings; (3) that upon a finding that the challenged laws are unconstitutional or violate due process of law, enjoin the DHCR from utilizing said laws in its determination of rent overcharge cases, and directing the recall of any determinations which utilized the challenged laws; (4) that this court enforce the DHCR’s order which denied the landlord’s application to restructure the rents; (5) that the court grant relief for violations of civil rights in the nature of an injunction, consistent with 42 USC § 1983; (6) that the court grant attorney’s fees pursuant to Real Property Law § 234, 42 USC § 1988 and CPLR article 86; and (7) that the court grant a stay of the landlord-tenant proceedings.
Petitioners Edna and Robert Gelston are tenants residing at 64-16A 224th Street, Bayside, New York. Petitioners took occupancy on April 1, 1985, and on June 12, 1990 filed a rent overcharge complaint. The prior owner in response submitted the complete rental history of the apartment, asserted that there was no overcharge, and further asserted that the tenants were undercharged following a comprehensive repair, renovation and major capital improvement program. The District Rent Administrator, in an order dated January 24, 1994, found that the tenants were paying less than the legal regulated rent, which was $1,088.52, effective April 1, 1993, and imposed a rent freeze from December 1, 1985 through June 30, 1993 at $760 per month, due to the owner’s failure to serve the tenants with an amended initial registration form in 1985. The Rent *433 Administrator determined that there was an overcharge resulting from the rent freeze of $14,310.48, including treble damages and interest. The tenants filed a petition for administrative review (hereinafter PAR) dated February 21,1994, in which they asserted that the Rent Administrator’s calculations were erroneous, based upon a PAR filed in another proceeding pending before the DHCR. The owner filed a PAR on February 10, 1994 and asserted that the Rent Administrator’s order should be reversed as there was no overcharge. The owner asserted that it had served and filed a 1985 amended registration form, which served the purpose for the initial rent registration form, in all aspects. The owner asserted that the tenants’ rent was not greater than the legal regulated rent, and that the tenants had failed to prove an overcharge. In a supplemental submission, the owner asserted that in three nearly identical decisions dated September 12, 1997 involving accommodations in the same complex, the Commissioner found the service of the annual registration form was not prejudicial, that the initial rent charged to the tenants was less than the legal regulated rent, and that there had been no overcharge, thereby warranting the dismissal of the overcharge complaints. The owner also asserted that the complaint should be dismissed under the Rent Regulation Reform Act of 1997 (L 1997, ch 116), as events complained of by the tenants occurred more than four years prior to the filing of the overcharge complaint.
The Commissioner of the DHCR, in a decision and order dated January 15, 1998, granted the owner’s PAR and denied the tenants’ PAR, on the grounds that “[pjursuant to the Rent Regulation Reform Act of 1997, rental events occurring more than four years before the filing of a complaint are not subject to challenge. Since the instant complaint was filed on June 12, 1990, the present inquiry is limited to the period commencing June 12, 1986. As such, the issues raised on appeal cannot be examined herein”. The Commissioner did not rule on any of the other issues raised in the owner’s PAR.
It is noted that while the PARs were pending, on December 13, 1995 the owner served the tenants with an amended initial apartment registration form, thus, curing the basis for the rent freeze. The tenants, however, have continued to refuse to pay the full amount of the legal rent, and have continued to pay $760 per month, plus garage fees. The owner has commenced a nonpayment proceeding in Civil Court for arrears in rent from January 1996 to date. The tenants have sought to obtain stays of the landlord-tenant action, both in this court and the Civil *434 Court. This court, in an order dated March 10, 1998, stayed the landlord-tenant proceeding, pending the outcome of this proceeding, provided that the tenants continue to pay into court the sum of $861.73 a month. This court also directed the Commissioner of Finance to release to the owner the sum of $3,500 of the money deposited in court in connection with the Civil Court proceeding (index No. 85401/97). The tenants also sought a stay from the DHCR in November 1997, in the form of a hardship application whereby they sought to pay a lower rent, asserting they cannot afford the current rent.
Petitioners timely commenced the within proceeding and assert that the Commissioner’s decision and order of January 15, 1998 was arbitrary and capricious, and constitutionally infirm in its application of the Rent Regulation Reform Act of 1997. Petitioners assert that they had a vested property interest in the Rent Administrator’s order, and in the right to pursue the rent overcharge claim. Petitioners, therefore, assert that the Statute of Limitations set forth in CPLR 213-a and the provisions of the Rent Regulation Reform Act of 1997 which are immediately applicable to all pending actions and proceedings deprived petitioners of a vested property interest without just compensation and were violative of the Due Process and Equal Protection Clauses of the State and Federal Constitutions, and 42 USC § 1983. Petitioners further assert that the DHCR failed to take into consideration a prior agency order issued on October 13, 1995, which denied the owner permission to restructure the rent, and seek mandamus as regards their hardship application.
Respondents DHCR and Mid-Queens LP assert in opposition that the challenged amendments meet constitutional standards, and are not violative of due process or equal protection, and are constitutional as applied. It is further asserted that the DHCR’s determination was neither arbitrary nor capricious, is supported by the record, and has a reasonable basis in law. The DHCR also asserts that mandamus is not available here, as petitioners seek to compel an entirely discretionary act.
It is well settled that an article 78 proceeding is the proper method for determining whether a statute in a specific instance has been applied in an unconstitutional manner. An article 78 proceeding, however, is not the proper method of testing the general constitutionality of a statute (Matter of R & G Outfitters v Bouchard, 101 AD2d 642; Matter of Hyde Park Assocs. v Higgins, 149 Misc 2d 682, affd 191 AD2d 440). Petitioners *435 herein challenge the general constitutionality of CPLR 213-a (as amended by L 1997, ch 116, § 34) and section 46 of the Laws of 1997 (ch 116). The within proceeding, therefore, is converted to an action for declaratory judgment, and the parties shall be deemed plaintiffs and defendants.
CPLR 213-a was originally enacted as part of the Omnibus Housing Act (OHA) of 1983 (L 1983, ch 403, Apr. 1, 1984) which, among other things, placed residential rent administration and regulation under State control, provided for a system of rent registration and prescribed penalties for rent overcharges. (Rent Stabilization Law of 1969 [Administrative Code of City of NY] §§ 26-516, 26-517.) Section 26-516 (a) (2) provided, in pertinent part, that a rent overcharge complaint “shall be filed with the state division of housing and community renewal within four years of the first overcharge alleged and no award of the amount of the overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed”. Section 26-516 (g) provided that “[a]ny owner who has duly registered a housing accommodation pursuant to section 26-517 of this chapter shall not be required to maintain or produce any records relating to rentals of such accommodation for more than four years prior to the most recent registration or annual statement for such accommodation”.
This four-year Statute of Limitations for rent overcharge complaints generated controversy as to whether rent calculations could be based on information produced prior to those four years, even though the tenant could only obtain relief for the most recent four years. The courts in the Second Department took the position that the Rent Stabilization Law of 1969 precluded the introduction of proof of overcharges occurring more than four years prior to the action, while the courts in the First Department reached a contrary conclusion (see, Rovito v Melendez, 175 Misc 2d 279, and cases cited therein).
The amendments to CPLR 213-a and Administrative Code § 26-516 (a), pursuant to the Rent Regulation Reform Act of 1997, were specifically designed to put an end to this controversy. The New York State Senator’s Memorandum in Support of the amendment to the Administrative Code (Bill Jacket, L 1997, ch 116) stated that the courts in the First Department had “erroneously interpreted the language of the statute added in 1993 to the Rent Stabilization Law to permit examination of the rental history of an apartment prior to the four-year period authorized by law” and that the Appellate Term, Second Department, “correctly interpreted the Legislature’s intent *436 when it held that the statutory scheme establishes a four-year limitation on the calculation of a rent overcharge and excluded proof of alleged overcharges accruing prior to the four-year period * * * This legislation] is intended to statutorily codify the Legislature’s intent and * * * effectively establish a Statute of Limitations on challenges to rents and rent increases in effect prior to the four-year period [preceding] the filing of an overcharge complaint by a tenant”.
CPLR 213-a, as amended, provides that “[a]n action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action.”
Section 26-516 (a) of the Administrative Code, as amended, now provides, in pertinent part:
“(i) Except as to complaints filed pursuant to clause (ii) of this paragraph, the legal regulated rent for purposes of determining an overcharge, shall be the rent indicated in the annual registration statement filed four years prior to the most recent registration statement, (or, if more recently filed, the initial registration statement) plus in each case any subsequent lawful increases and adjustments. Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter, (ii) As to complaints filed within ninety days of the initial registration of a housing accommodation, the legal regulated rent shall be deemed to be the rent charged on the date four years prior to the date of the initial registration of the housing accommodation (or, if the housing accommodation was subject to this chapter for less than four years, the initial legal regulated rent) plus in each case, any lawful increases and adjustments. Where the rent charged on the date four years prior to the date of the initial registration of the accommodation cannot be established, such rent shall be established by the division * * *
“Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter * * *
*437 “(2) Except as provided under clauses (i) and (ii) of this paragraph, a complaint under this subdivision shall be filed with the state division of housing and community renewal within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed, (i) No penalty of three times the overcharge may be based upon an overcharge having occurred more than two years before the complaint is filed or upon an overcharge which occurred prior to April first, nineteen hundred eighty-four. (ii) Any complaint based upon overcharges occurring prior to the date of filing of the initial rent registration as provided in section 26-517 of this chapter shall be filed within ninety days of the mailing of notice to the tenant of such registration. This paragraph shall preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to this subdivision.”
These amendments, effective June 19, 1997, “apply to any action or proceeding pending in any court or any application, complaint or proceeding before an administrative agency on the effective date of this act, as well as any action or proceeding commenced thereafter”. (L 1997, ch 116, § 46 [1].)
There is a strong presumption that a statute duly enacted is valid (McKinney’s Cons Laws of NY, Book 1, Statutes § 150). While this presumption is rebuttable, it is well settled that a statute will be struck down only when its “unconstitutionality is shown beyond a reasonable doubt” (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541; see also, I. L. F. Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480).
The challenged amendments neither created, diminished nor abrogated the tenants’ right to commence and maintain a rent overcharge proceeding under the Rent Stabilization Law of 1969. The law in effect at the time the tenants commenced their proceeding, as well as the amendments, limit the award for a rent overcharge proceeding to the four-year period preceding the complaint, and limit the examination of the rental history to the same four-year period. The Gelstons filed their rent overcharge complaint with the DHCR on June 12, 1990. Therefore, the DHCR could only examine the rental history for the subject apartment for the period of June 12, 1986 through June 12, 1990 and could not base an award on events that occurred more than four years prior to the filing of the rent overcharge complaint.
*438 The Gelstons’ entire constitutional challenge is based on the Rent Administrator’s order of January 24, 1994, which they claim gave rise to a vested property interest. This claim is clearly without merit, and plaintiffs have not articulated any other due process or equal protection claims. The Court of Appeals has clearly stated that an individual has no vested right to rent control (I. L. F. Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480, supra). In addition, an individual does not have a vested interest in any rule of law or legislative policy which entitles him to have such law or policy remain unaltered for his or her benefit (see, Matter of Eagan v Livoti, 287 NY 464). Moreover, the Rent Administrator’s order became an intermediate, nonbinding order upon the filing of the PARs by the tenants and owners, and the Commissioner is empowered to deny or grant the PARs, in whole or in part, or remand the matter for further proceedings (9 NYCRR 2529.8).
The underlying purpose of the Rent Stabilization Law and the Rent Stabilization Code (9 NYCRR parts 2520-2530) is to provide affordable housing and to protect the public interest. The Legislature, in enacting the Omnibus Housing Act of 1983 and the Rent Regulation Reform Act of 1997, has permitted tenants to bring a claim for a rent overcharge based on a previous tenant’s occupancy, thereby abrogating the concept of privity of contract. In return for allowing tenants the privilege of claiming a rent overcharge based on a previous tenant’s rent, the Legislature has imposed a strict four-year period of limitations, and has limited inquiry into the rental history to the same four-year period. Inasmuch as the Gelstons have not shown that this legislation is so lacking in reason that it is essentially arbitrary, it must be declared valid (see, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325).
The court further finds that the Gelstons have failed to set forth any basis for the claimed civil rights violation under 42 USC § 1983.
It is, therefore, the declaration of this court that CPLR 213-a and the limitations provisions set forth in the Rent Regulation Reform Act of 1997 are valid, and that they were properly applied by the Commissioner of the DHCR in his decision and order of January 15, 1998 and that this decision was neither arbitrary nor capricious, and had a reasonable basis in the law and the record. It is further declared that plaintiffs are not entitled to enjoin the DHCR from applying these statutes. This court further declares that plaintiffs have failed to establish *439 any claim under 42 USC §§ 1983 and 1988. Plaintiffs’ claims regarding the hardship application, and a prior order of the DHCR are not properly before this court, and, therefore, will not be considered. Finally, plaintiffs are not entitled to any further stay of the landlord-tenant proceeding.