OPINION OF THE COURT
Charles J. Thomas, J.
In this CPLR article 78 proceeding, petitioner Carl M. Adler seeks a judgment in the nature of mandamus annulling respondent’s denial of petitioner’s application to renew his driver’s license, and directing respondent to issue a renewal license. Petitioner also seeks an order awarding costs and attorney’s fees.
In February 1999 Carl M. Adler mailed a driver’s license renewal application form, and a check for $28 to the Department of Motor Vehicles (hereinafter DMV). The license renewal application form required that the applicant set forth his or her Social Security number. Mr. Adler, in filling out the form, intentionally omitted his Social Security number. The DMV *47 returned the application and check to Mr. Adler, and instructed him to write his Social Security number on the front of the application, or send proof from the Social Security Administration that they could not give him a number. Petitioner thereafter retained counsel, and on April 9, 1999 sent a letter and affidavit to the DMV, requesting that his application and check be accepted, without providing his Social Security number. Mr. Adler stated that he did not wish to disclose his Social Security number on the grounds of his right to privacy, and the lack of a rational basis for this demand. Mr. Adler stated that he had been a noncommercial driver for 24 years, and that he had no children, and was not liable for child or spousal support. The DMV, in a letter dated April 14, 1999, stated that under Vehicle and Traffic Law § 502 all driver’s license applicants were required to furnish their Social Security numbers; that the information was used on an interagency basis with the Department of Social Services; and that Vehicle and Traffic Law § 510 allowed the Commissioner to suspend driving privileges for individuals who failed to make child support payments. Mr. Adler’s counsel, in a letter dated April 23, 1999, asserted that as he had neither children nor child support obligations, the legislation in question was irrelevant, and asserted that the requirement that he provide such information curtailed fundamental rights under the Constitution. The DMV, in a response dated May 14, 1999, returned the application and check that had been resubmitted. The DMV stated that the Federal Social Security Act authorized the States to obtain Social Security numbers from individuals in the context of administering certain State programs, including driver’s license programs; that this information could only be used by the States for identification purposes, and must be maintained as confidential information not subject to public disclosure; and that pursuant to Vehicle and Traffic Law § 510 (4-e) the Commissioner could suspend the driver’s license of individuals who fail to make child support payments, and the Social Security numbers are used to identify such individuals. Mr. Adler was advised that the Vehicle and Traffic Law made no exceptions or compromises on the requirement that an individual submit his or her Social Security number when applying to renew a driver’s license. Mr. Adler was advised that there was no administrative appeal in these matters, and that his application would be processed when he supplied all of the required information. On May 26, 1999 Mr. Adler’s counsel wrote to the DMV, asserting that it failed to make a final determination, and failed to *48 consider the legal issues previously raised. The DMV’s legal department, in a letter dated June 10, 1999, stated that the DMV is mandated to administer the law as written and interpreted by the courts, and suggested that the legal arguments pertaining to the constitutionality of Vehicle and Traffic Law § 502 as it applied to Mr. Adler be forwarded to the State Attorney General’s Office for consideration. Mr. Adler’s counsel, in a letter dated September 2, 1999, wrote to the Attorney General, requesting an opinion on the constitutionality of the Social Security number requirement of Vehicle and Traffic Law § 502. The Attorney General’s Office, in a letter dated September 3, 1999, informed counsel that the Attorney General rendered formal opinions to State departments and agencies; informal opinions are issued to local governments at the request of the municipal attorney; and as a matter of policy the Attorney General did not issue opinions regarding the constitutionality of a State statute.
Petitioner thereafter commenced the within article 78 proceeding, and asserts that the Commissioner’s denial of the renewal of the motor vehicle license based on the failure to provide a Social Security number is arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence. Petitioner further asserts that the Commissioner failed to provide him with assurances regarding the uses of the Social Security number under section 7 of the Federal Privacy Act of 1974 (5 USC § 552a, Pub L 93-579, 88 US Stat 1896). Petitioner seeks relief in the nature of mandamus directing the Commissioner to issue a renewal driver’s license.
Respondent, in opposition, asserts that its refusal to renew petitioner’s driver’s license was neither arbitrary nor capricious, and has a reasonable basis in law and the record.
It is well established that the extraordinary remedy of mandamus “is appropriate only where the right to relief is ‘clear’ and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion.” (Matter of Kupersmith v Public Health Council, 101 AD2d 918, 919, affd 63 NY2d 904, citing Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 96.) The act sought to be compelled must be ministerial, nondiscretionary ánd nonjudgmental and be premised upon specific statutory authority mandating performance in a specific manner. (Matter of Peirez v Caso, 72 AD2d 797.)
Petitioner herein has not established a clear right to relief, and is explicitly asking that the Commissioner of the *49 DMV perform a discretionary act that is not premised on any specific authority. Section 502 of the Vehicle and Traffic Law was amended in 1995 (L 1995, ch 81, § 209) to require all applicants for driver’s licenses and renewal licenses to include their Social Security numbers on their application. The Legislature, in enacting the amendment to section 502, did not include any exceptions. The Commissioner of the DMV, therefore, is mandated to enforce the statutory provisions as written, and cannot be compelled to make any exceptions. The fact that petitioner is a noncommercial driver, and has no children and no child or marital support obligations, therefore, is irrelevant. To the extent that petitioner may seek to challenge the constitutionality of section 502, an article 78 proceeding is not the proper method of testing the general constitutionality of a statute. (See generally, Matter of R&G Outfitters v Bouchard, 101 AD2d 642; Matter of Hyde Park Assocs. v Higgins, 149 Misc 2d 682, affd 191 AD2d 440.) The Commissioner’s refusal to process petitioner’s license renewal application, based upon petitioner’s refusal to comply with the provisions of section 502, does not constitute a denial of due process.
To the extent that petitioner alleges that the DMV has failed to observe the Federal Privacy Act of 1974, this claim is without merit. Section 7 (a) (1) of the Privacy Act of 1974 (partially codified at 5 USC § 552a and partially reprinted uncodified in annotations thereto) provides that “[i]t shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual’s refusal to disclose his social security account number” (Pub L 93-579, 88 US Stat 1909 [reprinted following 5 USCA § 552a]). Although the protection afforded by the Privacy Act is broad, its civil remedy provision is far less expansive. The private right of civil action created by the Privacy Act, which provides that a private individual “may bring a civil action against the agency” (5 USC § 552a [g] [1]), has been found by the United States Court of Appeals for the Ninth Circuit to be specifically limited to actions against agencies of the United States Government. “The civil remedy provisions of the statute do not apply against private individuals * * * state agencies * * * private entities * * * or state and local officials.” (Unt v Aerospace Corp., 765 F2d 1440, 1447; see also, Dittman v California, 191 F3d 1020; St. Michael’s Convalescent Hosp. v California, 643 F2d 1369.) The court is unaware of any other Federal or State case law to the contrary.
The court notes that the 1976 amendment to the Social Security Act provides that: “It is the policy of the United States *50 that any State * * * may, in the administration of any * * * driver’s license, or motor vehicle registration law * * * utilize the social security * * * numbers * * * for [purposes of identification] and may require [disclosure of social security numbers for this purpose]” (42 USC § 405 [c] [2] [C] [i], added by Tax Reform Act of 1976, Pub L 94-455, § 1211 [b], 90 US Stat 1520, 1711-1712). While the 1976 amendment relating to driver’s licenses is a policy statemént, and not a requirement of a Federal statute, the provisions of the Privacy Act of 1974 should not be read in such a manner as to render meaningless the 1976 amendment to the Social Security Act. The Driver’s Privacy Protection Act of 1994 (18 USC §§ 2721-2725, Pub L 103-322, 108 US Stat 2099) regulates the disclosure of personal information contained in the records of State motor vehicle departments. The United States Supreme Court, in Reno v Condon (528 US 141), recognized that “[s]tate DMVs require drivers and automobile owners to provide personal information, which may include a person’s name, address, telephone number, vehicle description, Social Security number, medical information, and photograph, as a condition of obtaining a driver’s license or registering an automobile.” (Supra, 528 US, at 143 [emphasis added].) The Court, in a unanimous opinion, held that the personal identifying information that the Driver’s Privacy Protection Act regulated was a thing in interstate commerce; that the sale or release of that information in interstate commerce was therefore the proper subject of congressional regulation; and that Congress in enacting the Driver’s Privacy Protection Act did not run afoul of the principles of Federalism contained in the Constitution.
While petitioner has expressed a concern regarding the DMV’s sharing of identifying information including Social Security numbers, as permitted under the Driver’s Privacy Protection Act, this does not establish any right to a renewal license, in the absence of furnishing his Social Security number, as required by section 502 of the Vehicle and Traffic Law.
Finally, to the extent that petitioner asserts that he has been deprived of his right to interstate travel, this claim is without merit. Petitioner does not have a fundamental right to drive a motor vehicle and the DMV did not unconstitutionally impede his right to interstate travel by denying him a driver’s license. (See generally, Miller v Reed, 176 F3d 1202.)
In view of the foregoing, petitioner’s request for relief in the nature of mandamus annulling the DMV’s denial of a renewal *51 license and directing the issuance of such a license, and for an order awarding attorney’s fees and costs is denied, and the petition is dismissed.