■ In the Matter of ALEX A. YANULAVICH, Appellant, v APPEALS BOARD OF ADMINISTRATIVE ADJUDICATION BUREAU OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [767 NYS2d 528]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered January 6, 2003 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Motor Vehicles revoking petitioner's driver's license.

In November 2000, petitioner struck a flag person while operating a motor vehicle in a construction zone. He reportedly told the investigating police officer that he could not see clearly because of an eye condition related to diabetes. In addition to issuing petitioner a ticket for failure to use due care, the officer also submitted a "Police Agency Request for Driver Review" to respondent Department of Motor Vehicles (hereinafter DMV). In response, DMV notified petitioner that it was scheduling an interview with him since it had received information expressing

a concern about his driving ability based on a "health-related condition." The notice directed petitioner to have his physician complete a DMV form (MV-80) and informed him that he might be required to take a road test. The form filled out by petitioner's physician indicated, among other things, that petitioner, who was then 80 years old, was being treated for diabetes, that he had performed poorly on an eye examination and that his condition would, in the doctor's opinion, "possibly" interfere with his ability to safely operate a motor vehicle.

At his initial interview with DMV, petitioner failed a vision test and, thus, his license was temporarily suspended. Subsequently, after receiving treatment from an ophthalmologist, he successfully passed the vision test with the assistance of corrective lenses. Petitioner was then directed to take a road test. He failed the road test, resulting in his license being revoked for at least 30 days pending re-examination. The revocation was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding, which was eventually dismissed by Supreme Court. This appeal ensued.

Petitioner argues that once he passed the vision test, any reasonable ground for re-examination of his license was extinguished and there was no basis for DMV to require him to take a road test. Vehicle and Traffic Law § 506 (1) instructs that "[i]f the commissioner has reasonable grounds to believe that a person holding a license . . . is not qualified to drive a motor vehicle, the commissioner may require such person to submit to an examination to determine his qualifications." The basic qualifications for a driver's license (after reaching the requisite age) include adequate eyesight, knowledge of the fundamental rules of the road and acceptable skill in operating a vehicle (*see* Vehicle and Traffic Law § 502; 15 NYCRR 3.3 [a]; parts 5, 8). Although DMV cannot use Vehicle and Traffic Law § 506 as a ground to commence re-examination of any of a driver's qualifications in the absence of reasonable grounds (*see Matter of Breslow v Hults*, 26 AD2d 931, 932 [1966]), there is nothing in the statute suggesting that DMV is divested of discretion to review any or all of the basic qualifications once reasonable grounds exist (*cf. Matter of Sidney v Hults*, 24 Misc 2d 335 [1960], *affd* 13 AD2d 613 [1961]; 15 NYCRR 8.3 [c]). Here, substantial evidence supports the factual determination that reasonable grounds existed to believe that petitioner was not qualified to drive a motor vehicle. Such evidence was supplied by the combination of the accident in which he hit a worker in a construction zone, petitioner's statement to police regarding his vision, the officer's report to DMV and the report of petitioner's

physician. Since reasonable grounds supported DMV's determination to inquire about petitioner's qualifications, it was within the agency's discretion to require a test of his skills in operating a motor vehicle.

Petitioner's remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.