■ In the Matter of MARY C. FEMIA, Petitioner, v ADMINISTRA-TIVE APPEALS BOARD OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [839 NYS2d 396]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [John W. Grow, J.], entered January 17, 2007) to review a determination of respondent Department of Motor Vehicles of the State of New York. The determination directed petitioner to retake a road test examination.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that directed her to retake a road test examination pursuant to Vehicle and Traffic Law § 506 (1). As a preliminary matter, we note that "[t]his CPLR article 78 proceeding was improperly transferred to this Court inasmuch as petitioner does not challenge a determination made as a result of an evidentiary hearing directed by law" (Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster, 16 AD3d 1021, 1021 [2005]). Nevertheless, we review petitioner's contentions in the interest of judicial economy (see id.).

Contrary to petitioner's contention, the MV-80 report completed by petitioner's treating physician "supports the factual determination that reasonable grounds existed to believe the petitioner was not qualified to drive a motor vehicle" (Matter of Yanulavich v Appeals Bd. of Admin. Adjudication Bur. of N.Y. State Dept. of Motor Vehs., 2 AD3d 955, 956 [2003]; see Vehicle and Traffic Law § 506 [1]). The physician opined that the medical conditions suffered by the 87-year-old petitioner, including type II diabetes, hypertension, blindness in the right eye,

and an aortic valve replacement, as well as the five medications that petitioner was taking for those medical conditions, might permanently interfere with her ability to drive a motor vehicle in a safe manner. The physician further recommended that petitioner's driving ability be reassessed by an "on road driving test." Thus, the determination ordering a road test examination was not arbitrary or capricious or without a rational basis (*see generally* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230-231 [1974]). Neither the cardiologist nor the ophthalmologist who concluded on behalf of petitioner that she was able to drive a vehicle without restrictions took into account all of petitioner's medical conditions or medications.

Petitioner further contends that the determination deprived her of her federal constitutional right to due process. We reject that contention because petitioner has not established that Vehicle and Traffic Law § 506 (1) "restricts the exercise of a fundamental right" (*Hernandez v Robles,* 7 NY3d 338, 362 [2006]; *see also Adler v Jackson,* 185 Misc 2d 45, 50 [2000]; *Heying v State,* 515 NE2d 1125, 1128-1129 [1987]). We further reject the contention of petitioner that she was denied her right to equal protection, inasmuch as neither the statute nor the determination is based on any improper classification of petitioner or those similarly situated (*see generally Jones v Helms,* 452 US 412, 423-424 [1981]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Green, JJ.