In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 15, 2007, which, inter alia, denied the tenant’s petition for administrative review of an order of the District Rent Administrator dated October 16, 2006 finding that the landlord had not provided an adequate substitute for a required service, the petitioner tenant appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated September 10, 2007, which denied the petition and dismissed the proceeding seeking, inter alia, an increase in penalties against the landlord.
Ordered that the judgment is affirmed, with costs.
The principal issue determined by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) was whether the petitioner and other tenants at 409 7th Avenue in Brooklyn had sustained an improper substitution related to a “required service” as defined by the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-514; Matter of Hyde Park Gardens v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin., 140 AD2d 351 [1988], affd 73 NY2d 998 [1989]). Specifically, the issue determined by the DHCR was whether there had been an improper substitution since the landlord had moved the garbage receptacles into the basement of the building from the outside front of the building. “ ‘The question of what constitutes a required service presents a factual issue which is to be determined by the . . . administrative agency’ ” (Matter of Hyde Park Gardens v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin., 140 AD2d 351, 352 [1988], affd 73 NY2d 998 [1989], quoting Fresh Meadows Assoc. v Conciliation & Appeals Bd., 88 Misc 2d 1003, 1004 [1976], affd 55 AD2d 559 [1976], affd 42 NY2d 925 [1977]). The DHCR found that the service provided *668 was not adequate. The Deputy Commissioner, in denying administrative review, determined that the DHCR’s finding was proper and that the doctrines of res judicata and collateral estoppel were not applicable since a prior proceeding in the 1990s before the DHCR relating to the landlord’s elimination of garbage receptacles differed from the instant proceeding before the DHCR.
In reviewing a determination made by an administrative agency such as the DHCR, the court’s inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (see CPLR 7803 [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal, 37 AD3d 714 [2007]). “An agency’s interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable” (Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal, 37 AD3d at 714).
The Deputy Commissioner’s determination could be annulled only if it lacked a rational basis, or was arbitrary and capricious (see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149 [2002]; CPLR 7803 [3]). Here, the Deputy Commissioner’s determination was rational, and was not arbitrary and capricious. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Santucci, J.P, Covello, Leventhal and Belen, JJ., concur.