# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1287

TP 15-00834

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ELAINE D. FISHER, PETITIONER,

V                                          MEMORANDUM AND ORDER

ADMINISTRATIVE APPEALS BOARD OF NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES, ET AL., RESPONDENTS.

---

WARD & KUTZUBA, ARCADE (ROBERT D. STRASSEL OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Diane Y.
Devlin, J.], entered April 10, 2015) to review a determination of
respondent Administrative Appeals Board of New York State Department
of Motor Vehicles.  The determination dismissed petitioner's
administrative appeal and denied petitioner's request to stay an order
of the New York State Department of Motor Vehicles, which suspended
her driver's license.

It is hereby ORDERED that the order transferring this proceeding
is unanimously vacated without costs and the matter is remitted to
Supreme Court, Erie County, for further proceedings in accordance with
the following memorandum:  Petitioner commenced this CPLR article 78
proceeding challenging the suspension of her driver's license after
she failed or refused to submit to an examination to determine her
qualifications to operate a motor vehicle pursuant to Vehicle and
Traffic Law § 506 (1) and (3).  " '[T]his CPLR article 78 proceeding
was improperly transferred to this Court inasmuch as petitioner does
not challenge a determination made as a result of an evidentiary
hearing directed by law' " (*Matter of Femia v Administrative Appeals
Bd. of N.Y. State Dept. of Motor Vehs.*, 42 AD3d 951, 951).  We
therefore vacate the order transferring the proceeding to this Court,
and we remit the matter to Supreme Court for disposition on the
merits.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court