Thomas P. Farley, J.
This is a motion by plaintiff for an order granting summary judgment as to. the second cause of action alleged in the complaint and severing the action as to the balance of the complaint. In the second cause of action, plaintiff attacks a resolution of the defendant Village Board, adopted March 29, 1963 reclassifying 60 acres owned by her, from Residence “ D ” zoning (15,000 square feet minimum lot requirement) to a Residence “ F ” District (40,000 square feet lot requirement) as invalid on the ground that the resolution was not passed by a three-fourths majority of the Board of Trustees as required by section 179 of the Village Law.
The following facts in chronological sequence are not in dispute. Plaintiff, the owner of 60 of the 88-acre plot affected by the proposed amendment, by her attorney, one Ralph Edsell, on March 1, 1963 appeared at an executive session of the Board of Trustees to protest the proposed change. Thereafter, having been advised that a hearing would be held on March 15, 1963 the same attorney directed a letter to the board again protesting the change. Receipt of this letter was acknowledged by letter of March 15, 1963 wherein it was stated that Mr. Edsell’s letter of March 13 “ will become part of the record of the public hearing which will be held on March 29, 1963 ’ ’. The resolution changing the zone was adopted on the latter date by a 5 to 2 vote of the Board of Trustees.
On April 2, 1963 another written protest was filed signed by one Paul Preger, attorney in fact for the plaintiff Mona Bismarck, together with a copy of the power of attorney. The ordinance was thereafter published on April 4, 1963 but no certified copy thereof was served upon either the plaintiff or attorney in fact or her retained attorney.
Section 179 of the Village Law provides in part as follows: 1 ‘ 1. Such regulations, restrictions and boundaries may * * * be amended, supplemented, changed, modified or repealed by the board of trustees on its own motion or on petition. In case, however, of a protest against such change signed by the owners of twenty per centum or more of the area of land included in such proposed change * * * such amendment shall not become effective except by favorable vote of * * * three-fourths of the members of the board of trustees.”
It is the plaintiff’s contention that she sufficiently complied with the requirements of section 179 in order to make its provisions binding upon the action of the Village Board and that its 5 to 2 vote was insufficient to validate the change. The village, on the other hand, contends that the words “ signed by the owners ”, as contained in section 179, does not authorize a *1084 retained attorney to validate a protest, and consequently a three-fourths vote of the board was unnecessary.
Legislation and ordinances affecting the rights of property owners are in derogation of common law and must be strictly construed against the municipality which by its mandates seeks to narrow or limit a property owner’s broad■ common-law rights respecting his property. (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298; Kurlander v. Incorporated Vil. of Hempstead, 31 Misc 2d 121; 1 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 8.) Obviously, the purposes of the statute (§ 179) insofar as it relates to the filing of protest, is to provide a means by which the opposition of an owner or owners of property most immediately effected may be made known to the municipal authorities.. Consequently, any technical interpretation which would deprive an owner from having her opposition considered would frustrate rather than promote the aim of the statute. To hold that plaintiff’s attorneys’ protest under the circumstances presented was insufficient would not only deny a litigant a right to representation by counsel, but also frustrate the purpose of the statute. Receiving their authority from the court, attorneys are deemed its officers; are subject to its discipline; and are presumptively cloaked with the authority of an agent in fact for their client (Hamilton v. Wright, 37 N. Y. 502). While such authority may be questioned, it was not done so here. Rather, it was accepted and his protest entertained not only at the executive session but later acknowledged and made a part of the record.
Although no case directly in point appears in the New York Reports, a significant case is that of Mesel v. Mobley (21 111. 2d 20) wherein objection was made that the signatures of protestante were not acknowledged as required by statute. It appeared that an affidavit of one of the signers of a protest was made to the effect that she knew all of the persons who signed, that she had seen them sign, and that they were owners of the property affected by the proposed zoning change. There the appellate court refused to hold such acknowledgment insufficient and to make a technical interpretation of the word “ acknowledge ”, saying that to do so would frustrate rather than promote the aims of the statute. Also, in Rabasco v. Town of Greenburgh (285 App. Div. 895, affd. 309 N. Y. 735) it appeared that owners of one of two areas filed written protests against a proposed zoning change and yet the court passed upon the entire change and did not limit itself to the one particular area for which the written protests were made.
*1085 Plaintiff’s protests constituted sufficient compliance with section 179 of the Village Law and consequently required a three-fourths vote of the Board of Trustees of the defendant village. The application for summary judgment is accordingly granted. In view of this result, it is unnecessary to pass upon the other questions which have been advanced by the plaintiff.