T. Paul Kane, J.
This is a proceeding pursuant to article 78 of the CPLB. to review a determination of respondent which, among other things, after a hearing determined that petitioners, as proprietors of a restaurant and tavern duly licensed for the sale of beer and other alcoholic beverages, were responsible for the sales tax imposed upon sale of beer regardless of whether the tax was collected from customers.
Although a hearing has been held pursuant to statutory provision and at the request of the petitioners, the question presented for determination is one solely of law, and thus not necessarily transferable to the Appellate Division in the first instance (CPLB 7804, subd. [g]; 7803).
Petitioners’ place of business is situate in a 2% sales tax zone in Scotia, New York. A substantial portion of their business consists of the sale of draught beer at 15^ per glass. Pursuant to statutory authority respondent adopted a regulation establishing a sales and use tax bracket schedule which provides that no tax is to be collected on sales in the bracket of $0.01 to $0.25 (20 NYCBB, 525.1). Petitioners, therefore, for the particular periods in question herein, computed the total sales tax due by deducting from their gross receipts that portion representing the sale of draught beer, and paid the prescribed tax on the balance.
Petitioners contend that since the bracket schedule adopted by the respondent excuses the collection of the tax from the customers on sales less than 26 cents, they should not be required to pay it themselves to the State out of their own pockets. They also argue that the subject method is discriminatory and amounts to double taxation.
*826 Section 1105 of article 28 of the Tax Law, creating a State-wide sales and use tax, provides in part as follows: “ On and after August first, nineteen hundred sixty-five, there is hereby imposed and there shall be paid a tax of 2 percent upon: (a) The receipts from every retail sale of tangible personal property, except as otherwise provided in this article. * * * (d) (i) Irrespective of price, when beer, wine or other alcoholic beverages are sold, or when the charge to the patron or customer is one dollar or more for a sale of food and drink of any nature or of food alone, receipts from every such sale in or by restaurants, taverns or other establishments in this state, or by caterers, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons or customers (except those receipts taxed pursuant to subdivision (f) of this section): “ (1) in all instances where the sale is for consumption on the premises where sold ”.
Section 1115 of article 28 lists the various exemptions, and specifically mandates the taxation of the retail sale of beer, wine or other alcoholic beverages in the text exempting food, food products, beverages, dietary foods and health supplements sold for human consumption (Tax Law, § 1115, subd. [a], par. [1]). These statutory references provide the background to the subject matter and have not been brought into dispute by the parties.
The authority for establishment of a bracket schedule is found within subdivision (b) of section 1132 of the Tax Law which, in part, provides that “ Such schedule or schedules may provide that no tax need be collected from the customer upon receipts, amusement charges or rents below a stated sum, and may be amended from time to time so as to accomplish the purposes herein set forth. Such schedule or schedules shall provide that no tax shall be collected from the customer upon receipts from retail sales of tangible personal property which, under the rate imposed by article twenty-eight, together with the rates imposed under the authority of article twenty-nine, produce a tax of five mills or less.”
The above portions of the law in question evidence the legistive intent to tax the vendor himself in these certain instances. This conclusion is buttressed by subdivision (a) of section 1133 of article 28 which provides that every vendor, “ shall be personally liable for the tax imposed, collected or required to be collected, ’ ’ and further in section 1137 of article 28 which requires all vendors to file returns and pay all the taxes imposed.
However, the petitioners do not contend that the Legislature was without the power to tax the vendor, but rather that it was *827 the intent of the Legislature to have the tax collected from the customer, not the vendor. This argument certainly hears merit and, considering the facts of the case, provokes justifiable sympathy. In the market place this new State-wide source of revenue was first harshly viewed, and now apparently accepted, as a tax on the customer. In addition to the imposition of another tax, it also has made tax collectors of all vendors, both the unwilling and willing alike, and needless to say, without remuneration. The next dismal aspect was the realization that, upon the adoption of a bracket schedule, many vendors would have to resort to their own profit to meet the tax when their sales were predominantly below 26 cents.
A judicial history and precedent exists regarding the lawfulness of methods which eliminate fractions of 1 cent, and the nature of the tax is such that these approaches are acceptable since the vendor’s liability is that of a taxpayer as well as a tax collector (Matter of Grant Co. v. Joseph, 2 N Y 2d 196; Matter of Fifth Ave. Bldg. Co. v. Joseph, 297 N. Y. 278; Matter of Atlas Tel. Co., 273 N. Y. 51; Matter of American Cyanamid & Chem. Corp. v. Joseph, 308 N. Y. 259). In viewing an analogous situation involving a fraction of 1 cent, the Court of Appeals decided that the doctrine of de minimis non curat lex applied, holding that the disposition of the fractional parts of a cent is inconsequential (RKO-Keith-Orpheum Theaters v. City of New York, 308 N. Y. 493).
Now as to the specific points raised by petitioners, it should appear clear that the statute in question has made the vendor personally liable by express intent (Tax Law, § 1133, subd. [a]). Petitioners do not develop their argument of double taxation other than to say that they as individuals must pay a sales tax on all purchases made by them as consumers. Accepting that fact, however, it cannot be concluded that they are paying the same taxes on the same items as consumers and retailers. They are not subject to a sales tax when purchasing items for resale in their business (Tax Law, § 1101, subd. [b], par. [4]). To create double taxation it would have to be shown that a particular item was subject to the same tax twice, and such does not appear to be the case. Petitioners also argue that it is a violation of the equal protection of the laws of this State and also a violation of the due process clause of the Constitution of the United States, to require vendors to pay the tax where their sales are for 25 cents or less. It should be noted, however, that the vendor selling for 25 cents or less is only the first level at which this situation begins. It recurs each and every time an item is sold for $1 or any number *828 of dollars plus 25 cents or under. Therefore, it does not discriminate against vendors such as petitioners who are making the bulk of their sales under 25 cents.
Where a vendor has a great variation in price range, he will be also gaining on many sales as well as losing on others, and therefore the tax collected should be very close to 2% of the taxable sales. This is so because 2 cents is collected on sales in amounts from 66 cents to 99 cents, and again this recurs with multiple dollar amounts. If his sales are predominantly below 26 cents, it is the vendor who must adjust his price so as to not interfere with his profit. This can be accomplished in several ways. One cent may be added to the cost of the item, or the quantity can also be reduced to stabilize the profit and cover the tax. Some have increased the quantity, raised the price sufficiently to cover the tax and even increase the profit. For example, an 8-ounce glass of beer for 15 cents increases in size to 10 ounces with a price increase to 20 cents. Whatever the method used, it can be seen that in the end result, the vendor controls the situation so that he does not, as the petitioners contend, have to reach into his own pocket for the tax. We have many times heard the famous words that the power to tax is the power to destroy. (McCulloch v. Maryland, 4 Wheat. [17 U. S.].) With the advent of the State-wide sales tax, perhaps we must recognize, though sadly, the demise of the 15 cents beer.
For the reasons set forth herein, the petition is dismissed as a matter of law.