John B. Tenney, J.
In this article 78 proceeding, petitioners ask the court to review a determination of the Board of Trustees of the Village of Herkimer. There is no appearance by the village. A citizen of the village has intervened in the proceeding and moves to dismiss the petition as untimely and because the court has no jurisdiction in the subject matter.
Petitioners applied to the Village Board for a zoning change. On March 3, 1969, a public hearing was held and a written protest to the change was filed with the board. Apparently, the protest was not then signed by the required 20% of the property owners (Village Law, § 179). Following the hearing, there was a two-week “ cooling off ” period pursuant to local rules. On March 7, a further written protest was filed with additional signatures.
On March 25, the trustees met. First, a motion was made and seconded to approve the zoning change. Before a vote was taken, a second motion was made and seconded to oppose the change. The second motion was defeated by a 3:2 vote (2 ayes, 3 nays). The minutes of this meeting stated “ a legal protest having been filed and, in addition, more than 20% of the adjoining property owners having appeared personally, the motion for rezoning must contain four (4) yes votes ”. It went on to state, “ The motion to oppose rezoning of the area was, therefore, defeated. Since there was no further motion on this matter, the hearing was closed.” (No action was taken on the original motion.)
On March 31, the trustees met again to reconsider petitioners’ request. The motion to rezone was approved by a 3:2 vote. The Clerk entered in the minutes, however, ‘1 the motion was *911 not carried, since a 4/5 vote of the Board was required ”, There is no evidence before the court to sustain this conclusion. Petitioners argue that this portion of section 179 of the Village Law had not been followed: “ In case, however, of a protest against such change signed by the owners of twenty per centum or more of the area of the land included in such proposed change, or Toy the owners of twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of two-thirds- of the members of the board of trustees in villages having three members on the board of trustees and three-fourths of the members of the board of trustees in all the other villages.”
Since there is no evidence of the number of signatures filed with the protest and a sharp issue of fact is raised, a hearing must be held to determine the exact status of the protest. (CPLR 2218; Levine v. Levy, 29 A D 2d 827.) It should be observed that section 179 requires a written petition with signatures. There is no indication that persons who appear to protest but do not formally sign the written protest, can be considered. Since this statute is a departure from the common law, it must be strictly construed. (Bismark v. Incorporated Vil. of Bayville, 40 Misc 2d 1082, affd. 21 A D 2d 797.)
The intervener contends that the petition must he dismissed because it was not brought within 30 days, and he cites section 179-b of the Village Law as authority. Section 179-b provides for the creation by the Board of Trustees of a Board of Appeals to hear grievances of private citizens and municipal officials. It provides in part: “ Any person or persons * * * aggrieved * * * or any officer, department, hoard or bureau of the village may apply [from determinations of the Board of Appeals] to the supreme court for relief.” The Board of Appeals is a creation of the Board of Trustees, and the statute does not intend to effect laws applicable to the trustees. Appeals from the Board of Trustees may he brought within four months as prescribed by CPLR 217. (However, see contra Matter of Atlantic Refining Co. v. Village of Sloan Bd. of Appeals, 13 Misc 2d 631.) The logic of this interpretation is obvious. The Board of Trustees is not precluded by the actions of the Board of Appeals. The shorter time limit would bring a rapid end to grievances against the village administration, but would still leave open the avenue of legislative action. Since there is no recourse other than the next election or the court against illegal *912 procedure by the trustees, the aggrieved party should, not be unnecessarily restricted as to time to appeal.
However, intervenor contends that the court has no jurisdiction to review legislative action. The court may not compel the trustees to take action on a particular matter. (Matter of Neddo v. Schrade, 270 N. Y. 97.) But the court may review the action of the trustees to determine its legality. Petitioners raise a question of law, the sufficiency of the signatures on the protest and the court has jurisdiction. (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702, mot. for lv. to app. den. 3 N Y 2d 924; Matter of Teperman v. Atcos Baths, 7 A D 2d 854.) Since the village has not appeared, nor answered, Special Term should have a hearing to provide an adequate record for judicial review. (Matter of Fischer v. Kelly, 17 N Y 2d 521; Matter of McElroy v. McAndrews, 10 A D 2d 852; Matter of Kemp v. State Tax Comm., 56 Misc 2d 824.)
The parties shall appear and the village shall establish proof sustaining the Clerk’s conclusion that more than 20% of the required signatures were filed with the board. In the event the village fails to appear and furnish the required, proof, the majority vote favoring the zoning change shall be conclusive, and the Clerk is directed to change the minutes accordingly.