(October 20, 1987)

■ In the Matter of DANIEL A. FOGARTY, JR., Respondent, v GEORGE WOLF et al., Respondents, and RUTH OLIVA, Appellant. —In a proceeding, *inter alia,* seeking a judgment directing that a new Conservative Party primary election be held for the nomination of candidates of that party for the public offices of members of the Town Board of the Town of Southold, Ruth Oliva appeals from a resettled judgment of the Supreme Court, Suffolk County (Dunn, J., on the decision; Tanenbaum, J., on the resettled judgment), dated October 13, 1987, which granted the petition and ordered a new primary election for the aforementioned public offices on October 21, 1987. The notice of appeal from a judgment of the Supreme Court,

Suffolk County (Dunn, J.), dated October 2, 1987, is deemed a premature notice of appeal from the resettled judgment.

Ordered that the resettled judgment is reversed, on the law, without costs or disbursements, and the Suffolk County Board of Elections is directed to certify the results of the September 15, 1987 Conservative Party primary election for the nomination of candidates of that party for the public offices of members of the Town Board of the Town of Southold.

Assuming, without deciding, that the Supreme Court, Suffolk County, possessed the requisite jurisdiction to review the validity of the absentee ballot in issue, we nevertheless determine that the petitioner has failed to sustain his burden of proof in this proceeding. A new primary election may not be held unless the petitioner proves that the irregularities are sufficiently large in number and are of such a nature as to establish the probability that the election results would be changed absent the irregularity (see, Matter of Lisa v Board of Elections, 40 NY2d 911; Matter of Henry v Mahoney, 105 AD2d 1159). On the record before us the petitioner has not met that burden. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.