(December 22, 1989)

■ In the Matter of MICHAEL G. O'CONNOR, Appellant, v

ANTONIA D'APICE et al., Constituting the Board of Elections in Westchester County, et al., Respondents. (Proceeding No. 1.) In the Matter of FRANCIS X. LYNETT, Appellant, v ANTONIA D'APICE et al., Respondents. (Proceeding No. 2.)—In two related proceedings to review the results of the general election held on November 7, 1989 for the public office of Member of the Town Council of the Town of Ossining, (1) Michael G. O'Connor, the petitioner in proceeding No. 1, appeals from (a) stated portions of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated December 14, 1989, which, *inter alia,* in effect, determined that he and Francis X. Lynett, the petitioner in proceeding No. 2, received an equal number of votes in the general election, and Francis X. Lynett cross-appeals from so much of the judgment as dismissed his challenge to certain ballots cast in the election, and (b) stated portions of a judgment of the same court dated December 20, 1989 which, *inter alia,* declared that Francis X. Lynett had received the second highest total of votes for the public office of Member of the Town Council of the Town of Ossining, and (2) Francis X. Lynett cross-appeals from so much of the judgment dated December 20, 1989 as invalidated certain ballots which contained votes for his candidacy.

Ordered that the judgment dated December 14, 1989 is reversed, on the law, without costs or disbursements, the petition is granted, and Michael G. O'Connor is declared to have been duly elected on November 7, 1989 to the public office of Member of the Town Council of the Town of Ossining; and it is further,

Ordered that the judgment dated December 20, 1989 is reversed, on the law, without costs or disbursements, and proceeding No. 2 is dismissed.

The primary issue concerns the paper ballots from the 29th Election District, which were counted and included in the election results, and were certified by the election inspectors on duty, but were never delivered to the Westchester County Board of Elections. Contrary to the determination of the Supreme Court in proceeding No. 1, we find that because the paper ballots from the 29th Election District were never delivered to the Westchester County Board of Elections, those ballots should not have been counted. The removal of those seven ballots from the tabulation leaves Michael G. O'Connor with the second highest total of votes for the public office of Member of the Town Council of the Town of Ossining. He and the candidate with the highest number of votes were duly elected.

We further find that the Supreme Court properly dismissed Francis X. Lynett's cross claim in proceeding No. 1 inasmuch as a cross claim is not permitted in a special proceeding without leave of court (see, *Matter of Williams v Rensselaer County Bd. of Elections*, 98 AD2d 938, *appeal dismissed* 61 NY2d 737). Furthermore, because proceeding No. 2 was instituted more than 20 days "after the election or alleged erroneous statement or determination was made" it should have been dismissed as untimely (Election Law § 16-106 [5]; *Matter of Williams v Rensselaer County Bd. of Elections, supra; Matter of Giglia v Carlsen,* 55 AD2d 1018).

In light of our disposition, we do not reach Michael G. O'Connor's remaining contentions. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.