■ In the Matter of UNA CLARKE, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to Election Law § 16-102, *inter alia,* to set aside the results of a primary election held on September 12, 1991, for the nomination of the Democratic Party for the office of Member of the New York City Council from the 40th Council District and to declare the petitioner the rightfully-elected candidate in that election, or, alternatively, to direct that a new primary election be held for that nomination, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated October 4, 1991, which directed that a new primary election be held between the petitioner and the respondent Carl Andrews. The appeal from the judgment brings up for review a ruling denying that portion of a motion by the petitioner which was to dismiss the counterclaim and cross claim asserted by the respondent Carl Andrews.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the counterclaim and cross claim is dismissed on the merits, and the petition is granted to the extent of declaring the petitioner to have been nominated as the candidate of the Democratic Party for the office of Member of the New York City Council from the 40th City Council District.

The petitioner initially brought this proceeding seeking invalidation of the results of a primary election for the nomination of the Democratic Party for the office of Member

of the New York City Council from the 40th City Council District and to declare her to be the rightfully-elected candidate in that election. In his answer the respondent Carl Andrews interposed a counterclaim and cross claim seeking similar relief declaring himself to be the elected candidate, apparently because, as a result of a recount, the Board of Elections had determined the petitioner to be the winning candidate. Before trial, the petitioner moved to withdraw her petition, without prejudice to renewal if the Board of Elections again changed its determination as to the outcome of the election, and to dismiss the counterclaim and cross claim of the respondent Andrews. The Supreme Court reserved decision and at the close of trial it denied the motion and ordered a new election.

The propriety of the counterclaim and cross claim asserted by the respondent Andrews, which brought no new parties before the Supreme Court and raised no unrelated issues, was challenged at the outset of the trial and was fully litigated. The Supreme Court's ultimate decision to treat the merits of that respondent's case effectively granted leave to interpose the cross claim, if in fact such leave is required in a special proceeding *(see, e.g., Matter of O'Connor v D'Apice,* 156 AD2d 610). The merits of the case are fully before us on this appeal.

We conclude that the Supreme Court erred by invalidating the election results. The respondent Andrews failed to establish "the probability that the result would be changed by a shift in, or invalidation of, the questioned votes" *(Matter of Ippolito v Power,* 22 NY2d 594, 597-598; *see also, Matter of Lisa v Board of Elections,* 40 NY2d 911; *Matter of Fogarty v Wolf,* 133 AD2d 794, 795). Accordingly, we reverse, dismiss the counterclaim and cross claim of the respondent Andrews seeking to invalidate the election results, and declare the petitioner Una Clarke to have been duly nominated.

In light of the foregoing, we need not reach the petitioner's contention that the Supreme Court erred in denying that branch of her motion which was for leave to withdraw the petition. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.