■ In the Matter of WILLIAM P. ZENOSKY, as Objector, Respondent, v THOMAS N. GRAZIANI, Appellant, and LAURENCE F. ADAMCZYK et al., Constituting the Erie County Board of Elections, Respondents. [735 NYS2d 436] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this special proceeding pursuant to Election Law § 16-102 (1) (see, Election Law § 16-116), seeking to invalidate the nominating petition filed on behalf of Thomas N. Graziani (respondent) for the Law and Order Party, an independent party, for the general election to be held on November 6, 2001. Prior to the return date of the order to show cause commencing this special proceeding, respondent Commissioners of Elections declared the nominating petition invalid. Respondent served a "cross petition" seeking an order directing respondent Commissioners of Elections to validate his nominating petition and to place him on the ballot for the general election. Respondent appeals

from an order granting petitioner's request to discontinue this proceeding, contending that Supreme Court should have granted his cross petition. We affirm.

Pursuant to CPLR 402, the pleadings in a special proceeding are limited to a petition, an answer, and a reply to any counterclaim asserted. "The court may permit such other pleadings as are authorized in an action upon such terms as it may specify" (CPLR 402). "[A] cross claim is not permitted in a special proceeding without leave of court" (*Matter of O'Connor v D'Apice*, 156 AD2d 610, 612, *appeal dismissed and lv denied* 75 NY2d 798). Respondent did not seek leave to serve a cross petition, and thus the cross petition was not properly before the court. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Election Law.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ. (Filed Oct. 15, 2001.)