■ CREMOSA FOOD COMPANY, LLC, et al., Appellants, v FRANK P. PETRONE et al., Defendants, and MASSAPEQUA COVE, INC., et al., Respondents. [758 NYS2d 146] —In an action, inter alia, for a judgment declaring that Local Law No. 16 (2000) of the Town of Huntington is void and unconstitutional, the plaintiffs Cremosa Food Company, LLC, Park Drive Corp., Racanelli Construction Company, Inc., F.R.P. Sheet Metal Contacting Corp., Fred Panciroli, Long Island Economic Redevelopment Committee, Cadin Construction Corp., and Albert DiBernardi appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered December 26, 2001, which, upon an order of the same court, entered December 17, 2001, granting the separate motions of the defendants Massapequa Cove, Inc., and Town Board of the Town of Huntington, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal by the plaintiffs Racanelli Construction Company, Inc., F.R.P. Sheet Metal Contacting Corp., Fred Panciroli, Long Island Economic Redevelopment Committee, Cadin Construction Corp., and Albert DiBernardi is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified by adding a provision

thereto declaring that Local Law No. 16 (2000) is constitutional and valid; as so modified, the judgment is affirmed insofar as appealed from by Cremosa Food Company, LLC, and Park Drive Corp., with costs to the respondents.

Although we affirm the dismissal of the causes of action asserted by the plaintiffs Cremosa Food Company, LLC, and Park Drive Corp. (hereinafter the appellants), we do so on different grounds than those relied on by the Supreme Court. Because the appellants were in close proximity to the premises that were the subject of the challenged zoning determination, they did not need to show actual injury or special damage to establish standing (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687 [1996]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 410, 413-414 [1987]). Thus, the only issue in determining the appellants' standing is whether the concerns asserted in their causes of action fall within the "zone of interests" covered by the zoning laws (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 414-415). Since one of the injuries alleged by the appellants, that the value of their property would depreciate as a result of the challenged rezoning amendment, is recognized to lie within the "zone of interests" covered by zoning laws (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 415), the court erred in its determination that the appellants lacked standing (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773 [1991]).

Nevertheless, the causes of action asserted by the appellants must be dismissed on the merits. There is nothing in the record to suggest that the Final Supplemental Generic Environmental Impact Statement and SEQRA findings citing a community need for more senior citizen housing were not valid, or that the adoption by the Town Board of the Town of Huntington of those findings, and its decision to grant the rezoning application enabling the senior housing to be built was anything other than a well-considered legislative decision "calculated to benefit the community as a whole as opposed to benefitting individuals or a group of individuals" (*Asian Ams. for Equality v Koch,* 72 NY2d 121, 131 [1988]; *see Matter of Stone v Scarpato,* 285 AD2d 467, 468 [2001]). Therefore, the appellants failed to meet their burden of showing that the rezoning amendment was "not justified under the police power of the state by any reasonable interpretation of the facts" (*Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 186

[1973] [internal quotation marks omitted]). As the respondents demonstrated their entitlement to judgment as a matter of law, and the appellants failed to raise a triable issue of fact, the respondents' respective motions for summary judgment were properly granted.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the respondents (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed,* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.