(March 11, 2004)

■ In the Matter of MICHAEL A. KOPLEN, Respondent, v TIMOTHY A. AUSTIN et al., Respondents, and CAROL VASQUEZ et al., Appellants, and ROCKLAND COUNTY BOARD OF ELECTIONS et al., Respondents. [772 NYS2d 829]—

In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate a certificate to fill vacancy, naming Melvyn Poliakoff as the candidate of the Voters for Better Government Party for the public office of Trustee of the Village of New Hempstead (two-year term) in a general village election to be held on March 16, 2004, Carol Vasquez, Clerk of the Village of New Hempstead, and the Incorporated Village of New Hempstead appeal, as limited by their brief, from so much of a final order of the Supreme Court, Rockland County (O'Rourke, J.), dated March 1, 2004, as dismissed their cross claim, among other things, to review a determination of the Rockland County Board of Elections dated February 19, 2004, which sustained the petitioner's objections to the certificate to fill vacancy.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to CPLR 402, the pleadings in a special proceeding are limited to a petition, an answer, and a reply to any counterclaim asserted. "The court may permit such other pleadings as are authorized in an action upon such terms as it may specify" (CPLR 402). "[A] cross claim is not permitted in a special proceeding without leave of court" (*Matter of O'Connor v D'Apice*, 156 AD2d 610, 612 [1989]; *see Matter of Williams v Rensselaer County Bd. of Elections*, 98 AD2d 938 [1983]). The appellants did not seek leave to serve a cross claim, and thus the cross claim was not properly before the Supreme Court (*see Matter of Zenosky v Graziani*, 288 AD2d 843 [2001]; *Matter of O'Connor v D'Apice, supra; Matter of Williams v Rensselaer County Bd. of Elections, supra*).

In light of the foregoing, we do not reach the appellants' remaining contentions. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.