OPINION OF THE COURT
Robert J. Lunn, J.
In this hybrid CPLR article 78 special proceeding and declaratory judgment action, petitioners-plaintiffs seek a judgment declaring that a resolution of the Hendon Town Board to rezone certain real property in the Town of Hendon was duly adopted by a simple majority vote and also declaring that the written protest petitions filed by respondents-defendants requiring a “supermajority” vote in order to rezone were void. The “neighbor” respondents-defendants cross-move to amend their answer to assert various cross claims and counterclaims. In turn, petitioners-plaintiffs also cross-move to strike the “neighbor” respondents-defendants’ affirmative defenses.
The facts as they relate strictly to the rezoning vote are fairly straightforward. Petitioner-plaintiff Ryan Homes, Inc. is the contract vendee of an 87-acre parcel of land in Hendon, New York. Ryan Homes requested the Hendon Town Board to rezone approximately 75 of the 87 acres from RA-5 (Residential Agricultural-5 acres) to PUD (Planned Unit Development) in order to construct 54 luxury patio homes on the parcel. The proposed area to be rezoned contained a 101-foot “buffer” strip along its north and east perimeters which was to remain zoned RA-5.
On October 25, 2004, at the public hearing on the rezoning before respondent-defendant Hendon Town Board, respondent-defendant Dante Gullace, purporting to be the owner of 20% or more of the land opposite the land to be rezoned, filed a written protest petition. At that same meeting, the other individually named respondents-defendants (the neighbors), all being neighboring property owners and purporting to be the owners of 20% or more of the land immediately adjacent to the land to *711 be rezoned, also filed written protest petitions with the Town Board.
By letter dated October 27, 2004, counsel retained by the Town Board expressed the opinion that, although it was “technically true” that the properties owned by the neighbors were located more than 100 feet from the property to be rezoned, pursuant to Town Law § 265, the affirmative vote of four members of the Town Board was still required in order to approve the rezoning to PUD. This was because, according to counsel for the Town Board, the “clear intent” of Town Law § 265 was “to allow those most affected by a zoning change to require a ‘super majority’ of the Town Board to approve such change.” Counsel concluded that a supermajority vote was required because “[t]he mere placement of lines on a map prepared by the applicant should not be allowed to defeat this legislative purpose.” Significantly, counsel to the Town Board cited no authority for his opinion.
On November 8, 2004, the Mendon Town Board voted on the resolution to enact a local law to rezone a portion of petitioner-plaintiffs parcel from BA-5 to PUD. The vote was three votes in favor of rezoning to two votes against rezoning. Based upon counsel for the Town Board’s determination that a supermajority vote was required for adoption of the resolution, the resolution was deemed defeated. Petitioners-plaintiffs then commenced this action, arguing that the rezoning resolution was validly passed by a majority of the Town Board and a supermajority vote for adoption was not required because the written protest petitions were invalid as not representing the class of landowners who are afforded the special protection of Town Law § 265. Specifically, petitioners-plaintiffs argue that Dante Gullace is not the owner of 20% or more of the land “directly opposite thereto, extending one hundred feet from the street frontage of such opposite land” (Town Law § 265) because his property and the proposed area to be rezoned is separated by approximately 330 to 690 feet of the land occupied by the New York State Thruway. Also, according to petitioners-plaintiffs, the other individually named respondents-defendants are not owners of 20% or more of the area of land “immediately adjacent to that land included in such proposed change, extending one hundred feet therefrom” (Town Law § 265) because their parcels are separated by the 101-foot strip of land between them and the area to be rezoned. In short, petitioners-plaintiffs argue that Town Law § 265 simply does not apply. Therefore, the *712 rezoning resolution needed to be adopted by just a majority vote of the Mendon Town Board, which in fact occurred.
Town Law § 265 (1) provides that amendments to zoning district boundaries shall be made
“by a simple majority vote of the town board, except that any such amendment shall require the approval of at least three-fourths of the members of the town board in the event such amendment is the subject of a written protest, presented to the town board and signed by:
“(a) the owners of twenty percent or more of the area of land included in such proposed change; or
“(b) the owners of twenty percent or more of the area of land immediately adjacent to that land included in such proposed change, extending one hundred feet therefrom; or
“(c) the owners of twenty percent or more of the area of land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land.”
In determining whether the properties represented on the protest petitions fall within the class of properties to be accorded the additional protection provided by the supermajority voting provisions of Town Law § 265, the court is guided by the principle that Town Law § 265 “must be strictly construed” (Webster Assoc. v Town of Webster, 119 Misc 2d 533, 536 [Sup Ct, Monroe County 1983]; Matter of Jalowiec v Reile, 61 Misc 2d 909 [Sup Ct, Herkimer County 1970]). Also, “[t]he purpose of [the] greater than majority vote is to provide additional protection to those property owners who would be most affected by a zoning change” (Webster Assoc. v Town of Webster, 119 Misc 2d at 537).
This court will first consider whether the Gullace property, located on the other side of the New York State Thruway from petitioners-plaintiffs’ property, is “directly opposite” to the property to be rezoned. The facts of this case are nearly identical to those that were before Justice Rosenbloom in Webster Assoc. v Town of Webster (119 Misc 2d 533 [Sup Ct, Monroe County 1983]). In Webster Assoc., the protester’s property was separated from the property to be rezoned by a “substantially intervening area” constituting in that case two expressway frontage roads, an embankment and a 200-foot wide grassy median, upon which was later built the Route 104 expressway (id. at 537). In hold *713 ing that £<[d]irectly opposite means immediately across from without anything intervening” (id. at 536), Justice Rosenbloom found that the protester’s property cannot be considered “directly opposite” the land to be rezoned for purposes of Town Law § 265 (id.). The holding in Webster Assoc, applies equally to this case.
Here, the Gullace property is separated from petitioners-plaintiffs’ land by the approximately 330-to-690-foot New York State Thruway right-of-way. Because of this substantial intervening area, the Gullace property cannot be considered “directly opposite” the land to be rezoned for purposes of Town Law § 265. Importantly, Mr. Gullace, like the protester in the Webster Assoc. case, has made absolutely no showing how his property would be detrimentally impacted or significantly affected by the zoning change in light of the fact that his land is separated from petitioners-plaintiffs’ land by the Thruway.
The issue as to whether a property owner may carve out a buffer area on its own land between an area to be rezoned and otherwise immediately adjacent parcels in order to avoid the Town Law § 265 supermajority vote for zoning changes has not been addressed by a court in New York. Despite counsel for the Town Board’s opinion as to the “clear intent” or “legislative purpose” of the statute, a review of the legislative history to Town Law § 265 and its amendments provide no guidance.
Elsewhere in the country, the overwhelming rule is that creation of a buffer zone between that portion of a property to be rezoned and the lands of adjacent property owners is a valid method of not triggering a statutorily required greater than majority vote to rezone (see e.g. Pfaff v City of Lakewood, 712 P2d 1041, 1043 [Colo Ct App 1985]; Midway Protective League v City of Dallas, 552 SW2d 170, 174 [Tex Civ App 1977]; St. Bede’s Episcopal Church v City of Santa Fe, 85 NM 109, 110, 509 P2d 876, 877 [1973]; Rodgers v Village of Menomonee Falls, 55 Wis 2d 563, 570, 201 NW2d 29, 33 [1972]; Heaton v City of Charlotte, 277 NC 506, 525-529, 178 SE2d 352, 364-366 [1971]). As stated by the Arizona Court of Appeals, in upholding a 160-foot buffer zone where the statute required a supermajority vote where protest petitions are filed by owners of 20% of land immediately adjacent and 150 feet from a parcel to be rezoned, “The legislature drew the line 150 feet from the subject property. It must have believed that property owners beyond that line would be adequately protected by the normal process in which a simple majority vote is required” (Schwarz v City of Glendale, 190 Ariz 508, 511 n 4, 950 P2d 167, 170 n 4 [Ct App 1997]).
*714 Here, the statute only includes properties which are immediately adjacent and 100 feet from a parcel to be rezoned as those falling into one of the three classes of lands afforded the extra protection of the three-fourths vote for a zoning change to pass under Town Law § 265. Many laws contain what seem to be arbitrary lines. In this case, the line is 100 feet. It is not for this court to debate the Legislature’s wisdom in drawing this line or to assume that the Legislature could not have intended a property owner to use a buffer area to avoid the impact of the line. Those debates are best left for the Legislature itself. For whatever reason, the Legislature decided that only property owners whose land is 100 feet or closer to a proposed zoning change may avail themselves of the supermajority voting requirement of Town Law § 265. None of the neighbor respondents-defendants’ lands fall within this category.
As none of the lands on the protest petitions are either directly opposite or immediately adjacent and 100 feet from the property which petitioners-plaintiffs sought to have rezoned, they are invalid to invoke the three-fourths voting requirement of Town Law § 265. Since the resolution regarding the local law rezoning the subject property from RA-5 to PUD passed by a 3-2 vote, it was duly adopted by respondent Town Board. The petition herein is granted. However, due to this court’s ruling on the neighbor respondent’s cross motion to be discussed below, respondent-defendant Town Board is stayed from taking any further action to enact the local law enacted by Resolution 04-441 until further order of the court.
The neighbor respondents-defendants have cross-moved to amend their answer to allow certain counterclaims and cross claims. Preliminarily, none of the proposed causes of action are counterclaims. No relief is sought against petitioners-plaintiffs Csee CPLR 3019 [a]). They are all properly styled only as cross claims against respondent-defendant Town Board of the Town of Mendon (see CPLR 3019 [b]).
Petitioners-plaintiffs and respondent-defendant Town Board contend that the proposed cross claims should not be allowed because they are time-barred by the applicable statute of limitations. However, the applicable statute of limitations is four months and not 30 days as argued by both petitioners-plaintiffs and the Town Board (see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 203 [1987]; Matter of Llana v Town of Pittstown, 234 AD2d 881, 883 [3d Dept 1996]). Accordingly, the proposed cross claims are not time-barred.
*715 Additionally, all of the proposed causes of action are on their face otherwise meritorious. In light of this court’s decision to grant the petition herein declaring the rezoning resolution validly passed, the argument that the claims raised in the proposed amended pleading are not ripe for adjudication is without merit.
In order to have standing to challenge the Town Board’s rezoning action, the neighbor respondents must “show that the administrative action will in fact have a harmful effect on [them] and that the interest asserted is arguably within the zone of interest to be protected by the statute” (Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433 [1990], quoting Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9 [1975]). The neighbor respondents meet the first prong of the standing test because “aggrievement may be inferred from proximity” and “proximity alone permits an inference that the challenger possesses an interest different from other members of the community” (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687 [1996]; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 413-414 [1987]). All of the neighbor respondents are “in close proximity to the premises that were the subject of the challenged zoning determination,” as such, “they did not need to show actual injury or special damage to establish standing” (Cremosa Food Co. v Petrone, 304 AD2d 606, 607 [2d Dept 2003]; Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906, 906-907 [4th Dept 2001]). Although the neighbor respondents have not pleaded in their proposed amended answer what interests they seek to protect in order to ascertain whether they meet the second part of the standing test in land use matters, a review of the record shows that concerns falling within the zone of interest covered by the zoning law and the State Environmental Quality Review Act (SEQRA) were voiced before the Mendon Town Board thus conferring standing on these neighbors. Concerns regarding traffic, wildlife, and harmony with the Town’s Comprehensive Plan were expressed by the neighbor respondents to the Town Board. Lastly, this court is cognizant that land use disputes such as this one should “be resolved on their merits rather than by preclusive, restrictive standing rules” (Matter of Ecumenical Task Force of Niagara Frontier v Love Canal Area Revitalization Agency, 179 AD2d 261, 265 [4th Dept 1992]). For the foregoing reasons, the neighbor respondents-defendants do have standing to assert their various cross claims against the Mendon Town Board.
*716 The cross motion seeking leave to amend the answer of the neighbor respondents-defendants to assert the proposed cross claims against respondent-defendant Town Board is granted. The neighbor respondents-defendants shall serve their amended answer on or before March 8, 2005. The cross claims shall be returnable before this court on March 31, 2005 at 9:30 a.m.
Petitioners-plaintiffs’ cross motion to strike the neighbor respondents-defendants’ affirmative defenses is granted. The neighbor respondents’ fourth through seventh affirmative defenses are identical to their proposed cross claims against the Mendon Town Board. They are as follows: (1) Failure to follow SEQRA; (2) Mendon Green PUD inconsistent with Town of Mendon Comprehensive Plan; (3) Mendon Green PUD not properly before the Town Board following sketch plan review by Planning Board; and (4) Mendon Green PUD constituted impermissible spot zoning. These claims are not affirmative defenses because an affirmative defense must be “responsive to the causes of action alleged in the complaint” (Grafer v Marko Beer & Beverages, 36 AD2d 295, 296 [2d Dept 1971]). They have nothing to do with the crux of the petition, i.e., whether the written protest petitions were valid to invoke the supermajority provisions of Town Law § 265. In fact, they are really cross claims against the Town Board challenging the two resolutions considered by the Mendon Town Board on November 8, 2004. “[A] cross claim is not permitted in a special proceeding without leave of court” (Matter of Zenosky v Graziani, 288 AD2d 843, 844 [4th Dept 2001]). Since the neighbor respondents’ fourth through seventh affirmative defenses are really cross claims against the Town Board and leave of court was not sought prior to asserting them in their answer, they are stricken and dismissed. Additionally, given this court’s ruling granting the petition herein, the remaining affirmative defenses are also dismissed.