■ In the Matter of THOMAS WHITE, JR., Respondent, v CHARLES A. BILAL, Appellant, et al., Respondent. [800 NYS2d 596]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Charles A. Bilal as a candidate in a primary election to be held on September 13, 2005, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 28th Council District, in which Charles A. Bilal attempted to file a "verified answer and cross petition," containing cross claims and counterclaims, inter alia, to validate his designating petition and to invalidate the petition designating Thomas White, Jr., as a candidate in the primary election for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 28th Council District, Charles A. Bilal appeals from an order of the Supreme Court, Queens County (Satterfield, J.) dated August 19, 2005, which denied his motion, inter alia, in effect, for leave to file, nunc pro tunc, an order to show cause signed by Justice Jeffrey D. Liebowitz on August 5, 2005, which was supported by the verified answer and cross petition, to compel the Clerk of the Supreme Court, Queens County, to accept the documents for filing, or in the alternative, in effect, to proceed on the cross claims and counterclaims contained in his verified answer and cross petition.

Ordered that the order is affirmed, without costs or disbursements.

Thomas White, Jr., commenced this proceeding to invalidate the designating petition of Charles A. Bilal. During the pendency of the proceeding the Board of Elections of the City of New York (hereinafter the Board) invalidated Bilal's designating petition. Bilal secured an order to show cause to which was appended his verified answer and cross petition, and which also contained counterclaims seeking to invalidate White's designating petition, and cross claims to direct the Board to validate his designating petition. Bilal never sought leave of the court to file his cross claims, never purchased an index number for his cross petition, and he never filed his answer or cross petition. On the return date of White's petition, White withdrew his proceeding as academic in light of the invalidation of Bilal's designating petition by the Board. Bilal then sought to proceed on his cross claims and counterclaims.

The Supreme Court properly denied that branch of Bilal's motion, which was, in effect, to proceed on the cross claims and counterclaims contained in his verified answer and cross petition. Since Bilal did not timely seek leave to serve cross claims, they were not properly before the Supreme Court (see CPLR 402; *Matter of Koplen v Austin*, 5 AD3d 515, 516 [2004]; *Matter of Zenosky v Graziani*, 288 AD2d 843 [2001]; *Matter of O'Connor v D'Apice*, 156 AD2d 610, 612 [1989]). Furthermore, having failed to obtain leave to proceed on his cross claims after the Board invalidated his designating petition, Bilal no longer had standing as an aggrieved candidate to challenge the validity of White's designating petition (see *Matter of Novak v Jones*, 19 AD2d 781 [1963], *affd* 13 NY2d 883 [1963]; *Matter of Cocco v Moreira-Brown*, 230 AD2d 952, 953 [1996]).

Further, Bilal failed to properly and timely commence a separate proceeding to invalidate White's designating petition (see CPLR 304; Election Law § 16-102 [2]; *Matter of Fry v Village of Tarrytown*, 89 NY2d 714 [1997]; *Matter of Bearak v Laufer*, 196 AD2d 604 [1993]) by purchasing an index number and filing an order to show cause and petition. Accordingly, the Supreme Court properly denied that branch of his motion which was for leave to file the necessary papers nunc pro tunc. H. Miller, J.P., Cozier, Crane and Rivera, JJ., concur.