■ In the Matter of SONIA AGUIRRE et al., Respondents, v FRED HERNANDEZ, Appellant, and REGINALD A. LAFAYETTE et al., Respondents. [15 NYS3d 705]—In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Fred Hernandez as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Yonkers, Fred Hernandez appeals, as limited by his brief, from so much of a final order of the Supreme Court, Westchester County (Connolly, J.), dated August 11, 2015, as, after a hearing, dismissed his cross claim, denominated as a counterclaim, to validate that designating petition.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

On July 20, 2015, Sonia Aguirre, Paul Della Donna, and Vincenzo Letizia commenced this proceeding, inter alia, to invalidate a petition designating Fred Hernandez as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Yonkers. On August 4, 2015, the Westchester County Board of Elections (hereinafter the Board) invalidated Hernandez's designating petition. After the applicable statutory time period for the commencement of a validation proceeding had elapsed (*see* Election Law § 16-102 [2]), Hernandez served a verified answer in which he asserted a cross claim against the Board, denominated as a counterclaim, to validate his designating petition. It is undisputed that Hernandez never sought leave of court to interpose his cross claim.

The Supreme Court properly dismissed Hernandez's cross claim to validate his designating petition. As Hernandez did not seek leave to interpose a cross claim, it was not properly

before the court (*see* CPLR 402; *Matter of White v Bilal*, 21 AD3d 573, 574 [2005]; *Matter of Koplen v Austin*, 5 AD3d 515, 516 [2004]; *Matter of Zenosky v Graziani*, 288 AD2d 843, 843 [2001]; *Matter of O'Connor v D'Apice*, 156 AD2d 610, 612 [1989]). In any event, Hernandez's cross claim was, in actuality, an improper and untimely attempt to commence a proceeding to validate his designating petition (*see* Election Law § 16-102; *Matter of MacKenzie v Ghartey*, 131 AD3d 638, 639 [2d Dept 2015]; *Matter of Kiernan v New York State Bd. of Elections*, 95 AD3d 1242, 1243 [2012]; *Matter of Brown v Smith*, 76 AD3d 939, 940 [2010]; *Matter of White v Bilal*, 21 AD3d at 574; *Matter of Dickerson v Daly*, 196 AD2d 610, 611 [1993]). Hernandez's remaining contentions are without merit. Leventhal, J.P., Hall, Austin and Miller, JJ., concur.

Motion by the appellant on an appeal from a final order of the Supreme Court, Westchester County, dated August 11, 2015, inter alia, in effect, for summary reversal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied. Leventhal, J.P., Hall, Austin and Miller, JJ., concur.