■ In the Matter of ARIDIA ESPINAL et al., Respondents, v YONEL E. LETELLIER SOSA, Appellant, et al., Respondent. [61 NYS3d 566]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Yonel E. Letellier Sosa as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 21st Council District, Yonel E. Letellier Sosa appeals (1) from a final order of the Supreme Court, Queens County

(Lane, J.), dated August 8, 2017, which granted the petitioners' application for leave to withdraw the petition, and (2), as limited by his brief, from so much of a final order of the same court dated August 10, 2017, as dismissed his cross claim, denominated as a counterclaim, to validate the designating petition.

Ordered that the appeal from the final order dated August 8, 2017, is dismissed, without costs or disbursements, as the appellant is not aggrieved by that final order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the final order dated August 10, 2017, is affirmed insofar as appealed from, without costs or disbursements.

On July 21, 2017, Aridia Espinal and Francisco P. Moya commenced this proceeding to invalidate the designating petition of Yonel E. Letellier Sosa as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 21st Council District. Espinal and Moya named Sosa and the Board of Elections in the City of New York (hereinafter the Board) as respondents on the petition. On August 1, 2017, Sosa interposed an answer which contained a cross claim, denominated as a counterclaim, to direct the Board to validate his designating petition. It is undisputed that Sosa never sought leave of court to interpose his cross claim. Thereafter, the Supreme Court granted the application of Espinal and Moya to withdraw their petition as academic on the ground that the Board had invalidated Sosa's designating petition, and dismissed Sosa's cross claim to validate his designating petition. Sosa appeals.

The Supreme Court properly dismissed Sosa's cross claim to validate his designating petition. Although the cross claim was denominated as a counterclaim, it was properly a cross claim because it sought relief against the Board, which was a respondent in the proceeding (*see* CPLR 3019 [a], [b]). Pursuant to CPLR 402, the pleadings in a special proceeding are limited to a petition, an answer, and a reply to any counterclaim asserted. "The court may permit such other pleadings as are authorized in an action upon such terms as it may specify" (CPLR 402). "[A] cross claim is not permitted in a special proceeding without leave of court" (*Matter of O'Connor v D'Apice*, 156 AD2d 610, 612 [1989]; *see Matter of Williams v Rensselaer County Bd. of Elections*, 98 AD2d 938 [1983]). Here, Sosa did not seek leave to interpose a cross claim, and thus, the cross claim was not

properly before the court (*see* CPLR 402; *Matter of Aguirre v Hernandez*, 131 AD3d 716, 716-717 [2015]; *Matter of White v Bilal*, 21 AD3d 573, 574 [2005]; *Matter of Koplen v Austin*, 5 AD3d 515, 516 [2004]). In any event, Sosa's cross claim was insufficiently pleaded as a matter of law (*see Matter of Jennings v Board of Elections of City of N.Y.*, 32 AD3d 486 [2006]).

Sosa's contention that the Supreme Court should have dismissed the petition filed by Espinal and Moya is academic because the court granted the application of Espinal and Moya to withdraw their petition (*see Matter of Town of Mt. Pleasant v Delaney*, 149 AD3d 1086 [2017]; *Matter of Cisse v Graham*, 87 AD3d 1008, 1009-1010 [2011]).

Sosa's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Cohen, Duffy, Connolly and Christopher, JJ., concur.