Matter of Kelly v O'Hara (2022 NY Slip Op 04528)

Matter of Kelly v O'Hara

2022 NY Slip Op 04528

Decided on July 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-05156
 (Index No. 517371/22)

[*1]In the Matter of Victoria Kelly, et al., respondents,
v
John O'Hara, appellant.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John O'Hara as a candidate in a primary election to be held on August 23, 2022, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 17th Senatorial District, in which John O'Hara filed a cross petition to validate the designating petition, John O'Hara appeals from a final order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 30, 2022. The final order granted the petition, inter alia, to invalidate the designating petition and denied the cross petition.
ORDERED that the final order is affirmed, without costs or disbursements.
John O'Hara submitted a petition designating himself as a candidate in a primary election to be held on August 23, 2022, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 17th Senatorial District. Victoria Kelly filed general and specific objections to the designating petition, and subsequently filed a petition, inter alia, to invalidate the designating petition. O'Hara filed a cross petition to validate the designating petition.
The Board of Elections in the City of New York (hereinafter the BOE) ultimately determined that O'Hara's designating petition was invalid because it contained fewer than the required 850 signatures. Many of the signatures on the designating petition were ruled invalid because the signatories resided outside the 17th Senatorial District.
After a hearing on the petition, inter alia, to invalidate and the cross petition, the Supreme Court issued a final order granting the petition, inter alia, to invalidate, and denying the cross petition.
O'Hara contends that the BOE was estopped from disallowing the out-of-district signatures because it failed to publish street finders and maps in preparation for the primary election, as was its usual practice. This claim was not pleaded in O'Hara's cross petition to validate, but was instead raised as an "affirmative defense" in his answer to the petition, inter alia, to invalidate his designating petition. That "affirmative defense" was, in actuality, a cross claim against a co-respondent. "[A] cross claim is not permitted in a special proceeding without leave of court" (Matter of O'Connor v D'Apice, 156 AD2d 610, 612). Since O'Hara did not seek leave to interpose his cross claim, it was not properly before the Supreme Court (see CPLR 402; Matter of Jordan v Carter, 205 [*2]AD3d 857, 858; Matter of Espinal v Sosa, 153 AD3d 819).
In any event, as the Supreme Court determined, contrary to O'Hara's contentions, his exclusion from the ballot was mandated by law (see Election Law § 6-136[2]), and he was not deprived of his constitutional rights (see Rivera-Powell v New York City Bd. of Elections, 470 F3d 458 [2d Cir]).
The BOE's contention that this appeal must be dismissed as untimely taken has not been considered, as it is based on matter dehors the record.
IANNACCI, J.P., ROMAN, CHRISTOPHER, ZAYAS and VOUTSINAS, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court